UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL DEPAZ and GUSTAVO LOPEZ, on behalf of themselves and all others similarly-situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DIRTY TACO & TEQUILA INC., and DT RVC LLC,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

RAFAEL DEPAZ and GUSTAVO LOPEZ (collectively as "Plaintiffs"), on behalf of themselves and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, STEVENSON MARINO LLP, as and for their Complaint against DIRTY TACO & TEQUILA INC. ("Dirty Taco") and DT RVC LLC ("Dirty Taco Rockville" and collectively with Dirty Taco as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.  This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers provide employees with a wage notice upon hire, NYLL § 195(1)(a); (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the Internal Revenue Code's ("IRC") prohibition against any person willfully filing a

1

fraudulent information return with respect to payments purportedly made to any other person, 26 U.S.C. § 7434(a); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs Depaz and Lopez worked for Defendants as non-managerial employees for Defendants' restaurant chain, which was and is comprised of six different locations owned and operated as a single business entity located on Long Island, New York (hereinafter referred to as the "Restaurant"). As described below, for the duration of their employment periods, Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL, as Defendants failed to compensate Plaintiffs at the statutorily required overtime rate of pay for the hours that Plaintiffs worked beyond forty in a workweek.

3. Additionally, Defendants violated the NYLL by: (1) failing to provide a wage notice at the time of hire; and (2) failing to provide Plaintiffs with wage statement on each payday that accurately stated their respective regular and overtime rates of pay.

4. Making matters worse, Defendants willfully filed a fraudulent W-2 information return with the Internal Revenue Service on Plaintiff Depaz's behalf for each tax year, which reflected more income earned through tips than Defendants actually paid Plaintiff Depaz, in violation of the IRC.

5. Defendants' failure to pay overtime was not limited to Plaintiffs, but also extended to all of Defendants' non-managerial employees at Defendants' Restaurant.

6. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated non-managerial employees during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs additionally bring their claims under New York law on behalf of themselves and any FLSA Plaintiff, as that term is

defined below, who opts into this action.

7. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff Depaz worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Plaintiff Lopez worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA.

12. At all relevant times herein, Dirty Taco was and is a New York corporation with its principal place of business located at 3261 Merrick Road, Wantagh, New York 11793.

13. At all relevant times herein, Dirty Taco Rockville was and is a New York limited liability company with its principal place of business located at 201 Sunrise Highway, Rockville Center, New York 11570.

14. At all relevant times herein, Defendants were and are "employers" within the

meaning of the FLSA and NYLL. Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and buy and sell produce and other food items in the course of their business, which originate in states other than New York, as well as accept credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants at the Restaurant that were or are owned and/or operated by Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they

4

purposefully and willfully chose and choose not to do so.

18. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

19. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

20. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

21. Plaintiffs seek certification of the following FRCP 23 class:

> Current and former non-exempt employees, who during the applicable NYLL limitations period, performed any work at the Defendants' Restaurant, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

22. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage notice upon hire containing the information required by NYLL § 195(1)(a); (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

24.     As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs as non-managerial employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiffs seek to represent, as Plaintiffs and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week,

yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay, failed and fail to provide them with a wage notice upon hire, and failed and fail to provide them with accurate wage statements on each payday. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be furnished with a wage notice upon hire, and to be furnished with accurate wage statements on each payday. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

25. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs overtime pay for all of their hours worked over forty each week, did not furnish them with a wage notice upon hire, and did not furnish them with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiffs are no longer employed with Defendants, and thus have no fear of retribution for their testimony. Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

### Superiority

27. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by any non-managerial employee who worked for Defendants in any of the Restaurants owned and/or operated by Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

29. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30. The Restaurant consists of at least two nominally distinct business entities that operate as single business entity doing business as "Dirty Taco & Tequila," comprised of at least six Restaurants in Long Island, including Wantagh, Rockville Center, Woodbury, Patchogue, Smithtown, and Port Washington. The Restaurant has common management, a common labor force, and common ownership that controls the day-to-day activities of the non-managerial Restaurant employees, who work at all six locations and commonly work at more than one location.

### Plaintiff Depaz

31. Defendants hired Plaintiff Depaz as a non-managerial bartender in or around July 2018.

32. From in or around July 2018 through the present, Plaintiff Depaz worked at each of the Restaurant's Wantagh, Rockville Center, and Woodbury locations.

33. As a bartender, Plaintiff Depaz was responsible for making drinks, cutting fruit, cleaning the bar, and serving drinks in the Restaurant.

34. During his employment, Plaintiff Depaz routinely worked six days per week, ten and one-half hours per day, without any interrupted lunch break. Starting in October 2022, Plaintiff Depaz routinely worked six days per week, fourteen hours per day, without any uninterrupted lunch break.

35. For his work from the beginning of his employment until November 2019, Defendants paid Plaintiff Depaz $12.00 per hour, but failed to pay Plaintiff Depaz at an overtime rate for all hours that Plaintiff Depaz worked over forty in a workweek.

36. For example, for the week of July 1, 2019, through July 7, 2019, Plaintiff Depaz worked 45.09 hours. For his work this week, Defendants paid Plaintiff Depaz $12.00 per hour for all hours worked, failing to pay him at the statutorily applicable overtime rate of $18.00 per hour for the 5.09 hours that he worked over forty this workweek.

37. In November 2019, Defendants increased Plaintiff Depaz's rate of pay to $18.50 per hour, but continued to fail to pay Plaintiff Depaz at an overtime rate for all hours that Plaintiff Depaz worked over forty in a workweek.

38. For example, for the week of October 10, 2022 through October 16, 2022, Plaintiff Depaz worked 61.26 hours. For his work this week, Defendants paid Plaintiff Depaz $18.50 per hour for the 21.26 hours that Plaintiff Depaz worked over forty in a workweek.

39. On each occasion from the beginning of his employment until October 2019, when Defendants paid Plaintiff Depaz, Defendants failed to provide Plaintiff Depaz with a wage

statement that accurately listed his overtime hours worked and overtime rate of pay for that week.

40. Upon Plaintiff Depaz's hire, Defendants failed to furnish Plaintiff Depaz with any wage notice whatsoever, let alone one that accurately listed his regular rate of pay, overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

41. Based on Defendants' failure to provide wage statements and a wage notice that listed Plaintiff Depaz's hours and pay rate, Plaintiff Depaz was not provided with knowledge of his rights with respect to his pay. This lack of information impaired Plaintiff Depaz's ability to contest Defendants' unlawful wage practice with respect to his pay.

42. Therefore, not only was Plaintiff Depaz not paid what he was owed during his employment, which was without receipt of overtime pay for his hours worked over forty in a workweek, Defendants' lack of proper wage statements and lack of wage notice served to keep Plaintiff Depaz uninformed so that he did not have proper information to contest the lack of proper wages.

43. Moreover, on each occasion where Defendants paid Plaintiff Depaz, Defendants represented on Plaintiff Depaz's wage statement that he earned more in tips than Defendants actually paid him.

44. Therefore, despite never paying Plaintiff these extraneous tips represented on Plaintiff' Depaz's wage statement, Defendants issued Plaintiff Depaz a fraudulent IRS Form W-2, causing Plaintiff Depaz to incur more in tax liability than the money he actually made in tips.

45. For example, during the week of May 12 through May 18, 2024, Plaintiff Depaz earned $228.50 in tips, which Defendants' records show that he signed for. But on his wage statement for that same workweek, Defendants represented that Plaintiff earned $440.00 in cash

tips. Therefore, although Plaintiff never received this amount of money in cash tips, Defendants' records result in him incurring more in tax liability than he actually owes.

**Plaintiff Lopez**

46.     Defendants hired Plaintiff Lopez as a non-managerial bartender in or around July 2018.

47.     From in or around July 2018 through the present, Plaintiff Lopez worked as a non-managerial bartender at four of Defendants' Restaurant locations. Plaintiff Lopez worked at each of the Restaurant's Wantagh, Rockville Center, Woodbury, and Port Washington locations.

48.     As a bartender, Plaintiff Lopez was responsible for making drinks, cutting fruit, cleaning the bar, and serving drinks in the Restaurant.

49.     During his employment, Plaintiff Lopez routinely worked six days per week, ten and one-half hours per day, without any interrupted lunch break. Starting in October 2022, Plaintiff Lopez routinely worked six days per week, twelve hours per day, without any uninterrupted lunch break.

50.     For his work from the beginning of his employment until August 2020, Defendants paid Plaintiff Lopez $10.00 per hour, but failed to pay Plaintiff Lopez at an overtime rate for all hours that Plaintiff Lopez worked over forty in a workweek.

51.     For example, for the week of April 29, 2019 through May 5, 2019, Plaintiff Lopez worked 43.09 hours. For his work this week, Defendants paid Plaintiff Lopez $10.00, per hour for all hours worked, failing to pay him the statutorily applicable overtime rate of $22.50 per hour for the 3.09 hours that he worked over forty this workweek.

52.     In November 2019, Defendants increased Plaintiff Lopez's rate of pay to $15.00 per hour, but continued to fail to pay Plaintiff Lopez at an overtime rate for all hours that Plaintiff

Lopez worked over forty in a workweek.

53.     For example, for the week of January 3, 2022 through January 9, 2022, Plaintiff Lopez worked 41.79 hours. For his work this week, Defendants paid Plaintiff Lopez $15.00 per hour for the 1.79 hours that Plaintiff Lopez worked over forty in a workweek.

54.     On each occasion from the beginning of his employment until October 2019, when Defendants paid Plaintiff Lopez, Defendants failed to provide Plaintiff Lopez with a wage statement that accurately listed his overtime hours worked and overtime rate of pay for that week.

55.     Upon Plaintiff Lopez's hire, Defendants failed to furnish Plaintiff Lopez with any wage notice whatsoever, let alone one that accurately listed his regular rate of pay, overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

56.     Based on Defendants' failure to provide wage statements and a wage notice that listed Plaintiff Lopez's hours and pay rate, Plaintiff Lopez was not provided with knowledge of his rights with respect to his pay. This lack of information impaired Plaintiff Lopez's ability to contest Defendants' unlawful wage practice with respect to his pay.

57.     Therefore, not only was Plaintiff Lopez not paid what he was owed during his employment, which was without receipt of overtime pay for his hours worked over forty in a workweek, Defendants' lack of proper wage statements and lack of wage notice served to keep Plaintiff Lopez uninformed so that he did not have proper information to contest the lack of proper wages.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

58.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

60. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

61. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

62. Defendants willfully violated the FLSA.

63. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

64. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

65. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

67. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

68. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

69. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

70. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

71. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

73. As described above, Defendants, upon hire, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

74. Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

75. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

77. As described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

78. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Willfully Filing a Fraudulent Information Return in Violation of the IRC*

79. Plaintiff Depaz, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. 26 U.S.C. § 7434(a) prohibits any person from willfully filing a fraudulent information return with the IRS with respect to payments purported to be made to any other person.

81. As described above, Defendants willfully filed fraudulent IRS Form W-2s on behalf of Plaintiff Depaz, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action.

82. As a result, Plaintiff Depaz, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-

15

into this action, are entitled, for each fraudulent return that Defendants filed, to an amount equal to the greater of $5,000.00, or the sum of any actual damages that they sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of this action, and, in the court's discretion, reasonable attorneys' fees.

83. Pursuant to 26 U.S.C. § 7434(d), contemporaneous with the filing of this Complaint, Plaintiff Depaz is providing a copy of this Complaint to the IRS.

## DEMAND FOR A JURY TRIAL

84. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

16

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

 e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

 f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

 g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

 h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiffs;

 i. Designation of Plaintiffs and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

 j. All damages that Plaintiff sustained as a result of Defendants' retaliatory actions, including an injunction restraining future retaliatory actions, compensation for lost wages, benefits, and all other renumeration, whether back pay or front pay, emotion distress damages and punitive damages;

 k. Prejudgment and post-judgment interest, as provided by law; and

   l. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
    June 3, 2024

                   Respectfully submitted,

                   Stevenson Marino LLP
                   *Attorneys for Plaintiffs*
                   445 Hamilton Avenue, Suite 1500
                   White Plains, New York 10601
                   (212) 939-7229

          By: _____
                   Jeffrey R. Maguire